**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNABE GONZALEZ MEJIA; et al., | No. 04-76256 |
| Petitioners, | Agency Nos.  A075-479-311 |
| | A075-479-312 |
| v. | A075-479-313 |
| | A075-479-314 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Bernabe Gonzalez Mejia and his family, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from the immigration judge's ("IJ") decision denying their application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the IJ's finding that petitioners failed to demonstrate the incidents that happened in Guatemala were on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's decision "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). Thus, contrary to petitioners' assertion, they are not entitled to a presumption of future fear because they failed to establish past persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, the record does not compel the conclusion that petitioners demonstrated a well-founded fear of future persecution. *See Elias-Zacarias*, 502 U.S. at 481 n.1; *Nagoulko*, 333 F.3d at 1018. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**